# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DAVID L. BENTON**                                                                                                       **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:14CV-264-S**

**STATE OF KY-JEFFERSON CNTY. ATTORNEY'S OFFICE**                                **DEFENDANT**

## MEMORANDUM OPINION

*Pro se* Plaintiff, David L. Benton, proceeding *in forma pauperis* filed this action on a general civil complaint form (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

As grounds for filing this case in federal court, Plaintiff states as follows, "DisREguaRD to Due PRocess-ViolAtions of/to: USC,42,1983 (DeprIvAtion of Rights)•USC,42-1985•18,USC,241•18,USC,1038•42,USC,1981•18,USC,402•Ky Bill of Rights, Sec.(1) •US Bill of Rights, Sec's:1, 3•Constitutional Rights, Sec's: 7,11,14,18*Ky STATUES: 522.020,-525.080-525.70-525.055-506.040-522.040."

In the complaint, Plaintiff alleges:

> The AttoRnEy's Office of the STATe's RepResenAtive DiD not follow the Lawful Guidelines of City, STATe & Country, ContRidicting Due pRocess and Rules of ConDuct, As follows: KRS Sections – 522.050; 62.030; 522.020; 367.170. The AttoRney's Office RepResented by oR DiRectEd by Penny Houngel – This situation was in deBAte at the Hall of Justice (new JAil complex) Division #10, Family CouRt – The case was ActivAteD in 2007 and ResoLvEd in 2014 anD is the DiRect cause of yet anotheR Legal issuE in traffict couRt.

The Court considers this action as being brought against the Jefferson County Attorney's Office.[1] Plaintiff seeks monetary relief, as well as, "[t]he fastest Resolve /w/ An apology from the DefenDAnt."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not

---

[1] In the caption of his complaint, Plaintiff names "State of Kentucky-Jefferson County Attorney's Office" as the Defendant. On page 2 of the complaint, Plaintiff lists the Jefferson County Attorney's Office as the sole Defendant and provides an address for only this Defendant. These things, coupled with the nature of the admittedly sparse allegations in Plaintiff's complaint, lead the Court to conclude that the Jefferson County Attorney's Office is the sole Defendant in this action.

require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Federal-law claims

##### *18 U.S.C. § 241*

Plaintiff alleges a claim under 18 U.S.C. § 241. This is a criminal statute which provides in relevant part as follows:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . They shall be fined under this title or imprisoned not more than ten years . . . .

There are no facts in Plaintiff's complaint to support this charge. Regardless, Plaintiff, as a private citizen, may not enforce the federal criminal code. *See Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004) (finding that the plaintiff could not initiate a federal criminal prosecution); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242."). Nor does this statute provide any private right of action for a violation. *See Burnette v. Pettway*, No. 97-5822, 1998 WL 476198, at *1 (6th Cir. Aug. 3, 1998) (noting "that the district court properly found that § 241 is a criminal statute which does not provide a basis for civil liability"); *Bybee v. Pirtle*,

3

No. 96-5077, 1996 WL 596458, at *1 (6th Cir. Oct. 16, 1996) (finding that the plaintiff "had no private civil right of action under 18 U.S.C. § 241").

Accordingly, the claim under 18 U.S.C. § 241 will be dismissed.

### *18 U.S.C. § 402*

Plaintiff alleges 18 U.S.C. § 402 as grounds for this action. This criminal statute provides as follows:

> Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia . . . shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both.

18 U.S.C. § 402. This is a criminal statute dealing with "Contempts constituting crimes." It appears from the sparse allegations contained in Plaintiff's complaint that the alleged wrongdoing revolved around state court proceedings. Section 402 of Title 18 of the United States Code does not appear to have any bearing on Plaintiff's allegations. Regardless, Plaintiff, as a private citizen, may not enforce the federal criminal code. *See Abner v. General Motors*, 103 F. App'x at 566 (finding that the plaintiff could not initiate a federal criminal prosecution); *Cok v. Cosentino*, 876 F.2d at 2 (stating that only the United States as prosecutor can bring a federal criminal complaint). Nor does this statute provide any private right of action for a violation.

For these reasons, the claim under 18 U.S.C. § 402 will be dismissed.

### *18 U.S.C. § 1038*

Plaintiff cites 18 U.S.C. § 1038 as grounds for this lawsuit. Section 1038 of Title 18 of the United States Code is a federal statute pertaining to "False information and hoaxes." Subsection A of the statute sets forth a criminal violation for "conduct with intent to convey false

or misleading information." However, as a private citizen, Plaintiff may not enforce the federal criminal code. *See Abner v. General Motors*, 103 F. App'x at 566 (finding that the plaintiff could not initiate a federal criminal prosecution); *Cok v. Cosentino*, 876 F.2d at 2 (stating that only the United States as prosecutor can bring a federal criminal complaint); *Johnson v. Working America, Inc.*, No. 1:12CV1505, 2012 WL 3074775, at *2 (N.D. Ohio July 30, 2012) (finding that, as a private citizen, the plaintiff had no authority to initiate a federal criminal prosecution under 18 U.S.C. § 1038).

> Subsection B of the statute provides for a civil action as follows:
>
> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title [18 USCS §§ 31 et seq., 175 et seq., 229 et seq., 831 et seq., 841 et seq., 921 et seq., 2271 et seq., or 2331 et seq.], section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

Plaintiff entirely fails to show how this statute applies to his allegations.

Consequently, the claim under 18 U.S.C. § 1038 will be dismissed.

*42 U.S.C. § 1981*

In his complaint, Plaintiff alleges a claim under 42 U.S.C. § 1981 for racial discrimination. Title 42 of the United States Code, Section 1981 states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every

> kind, and to no other . . . . The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a) & (c). Plaintiff's § 1981 claim fails because it is clear that 42 U.S.C. § 1983 is the exclusive mechanism for bringing suits against state actors for violation of rights guaranteed by § 1981. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 711-731 (1989) (holding that § 1983 provides the exclusive remedy for damages for the violation of rights guaranteed by § 1981 when a state actor is the alleged violator); *McCormick v. Miami Univ.*, 693 F.3d 654, 659-661 (6th Cir. 2012) (concluding that § 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his official or individual capacity); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (finding that "§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities"; thus "[a]n official capacity lawsuit against . . . a state actor, for constitutional violations, such as race discrimination, cannot be brought under § 1981."); *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008) ("Accordingly, we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'") (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. at 733).

Accordingly, the § 1981 claim will be dismissed from this action.

### *42 U.S.C. § 1983*

Plaintiff has named the Jefferson County Attorney's Office as the sole Defendant in this case. He alleges that this office did not follow the "Lawful Guidelines of city, state & country" and that "[t]he Attorney's Office [is] Represented by or Directed by Penny Houngel." Because the allegations made by Plaintiff are so sparse, it is unclear as to whether Plaintiff is complaining

about actions taken by Defendant as a state agent prosecuting criminal charges or about actions taken by Defendant as a municipal agent. Either way, Plaintiff's § 1983 claim fails.

### *State Agent*

To the extent Plaintiff's claim against Defendant is as a state agent, it is barred by Eleventh Amendment Immunity. Under the Eleventh Amendment to the U.S. Constitution,[2] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

### *Municipal Agent*

Defendant Jefferson County Attorney's Office, as a municipal agent, is the legal counsel for the Louisville/Jefferson County Metro Government. As the Jefferson County Attorney's

---

[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Office is not an entity subject to suit, the § 1983 claim against it must be brought against the Louisville/Jefferson County Metro Government as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by the Louisville/Jefferson County Metro Government, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, Plaintiff's claim under 42 U.S.C. § 1983 will be dismissed.

***42 U.S.C. § 1985***

Plaintiff references 42 U.S.C. § 1985 as a basis for this action. This statute addresses conspiracies that interfere with civil rights. Although Plaintiff fails to state under which portion of § 1985 he is proceeding, his claim fails under any subsection of this statute.

A basic element of a conspiracy claim is proving a conspiracy involving two or more persons. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Johnson v. Hills & Dales Gen.*

*Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994); *Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. 2000). Moreover, to state a claim for conspiracy under 42 U.S.C. § 1985, there must be specific factual allegations showing the existence of the conspiracy as well as allegations that the defendants acted with the specific intent to deprive a plaintiff equal protection or equal privileges and immunities; conclusory allegations unsupported by material facts are insufficient to state a claim. *See Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (noting that "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *Brooks v. Am. Broad. Cos., Inc.*, 932 F.2d 495, 499 (6th Cir. 1991) (finding that the § 1985 claim failed because "the allegations were too vague and conclusory"); *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972) ("In order to state a claim for relief under 42 U.S.C. § 1985, there must be specific allegations showing the existence of a conspiracy. General and conclusory allegations of conspiracy are not sufficient."); *Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. May 8, 2000) ("Even where conspiracy is alleged, a § 1985 claim must nevertheless be dismissed if material facts in the pleadings fail to support a conclusory claim of conspiracy.").

In the present case, Plaintiff names only one Defendant and fails to set forth two or more persons he contends conspired together. Further, Plaintiff has not alleged specific factual allegations sufficient to state a § 1985 conspiracy claim.

For these reasons, Plaintiff's § 1985 conspiracy claim fails and will be dismissed.

*Federal constitutional claims*

Plaintiff has alleged claims directly under the "US Bill of Rights, Sec's:1" and "Sec's: 7, 11, 14, 18" of the U.S. Constitution. Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. In *Thomas v. Shipka*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989); *see also Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities").

Thus, Plaintiff has no cause of action directly under the Constitution, and these claims will be dismissed.

**B. State-law claims**

In his complaint, Plaintiff also alleges various state-law claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

## IV. CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, to the extent Plaintiff's § 1983 claim is against Defendant as a state agent, it is barred by Eleventh Amendment Immunity and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Further, because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims, and they will be dismissed without prejudice.

Date: August 11, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Jefferson County Attorney
4411.003